1  MORGAN, LEWIS & BOCKIUS LLP
   Michael D. Weil, Bar No. 209056
2  michael.weil@morganlewis.com
   Michelle L. Quach, Bar No. 335098
3  michelle.quach@morganlewis.com
   1400 Page Mill Road
4  Palo Alto, CA  94304-1124
   Tel:    +1.650.843.4000
5  Fax:    +1.650.843.4001

6  Attorneys for Defendants
   COMCAST CABLE COMMUNICATIONS
7  MANAGEMENT, LLC, a Delaware limited liability
   company and COMCAST CABLE
8  COMMUNICATIONS, LLC, a Delaware limited
   liability company

9

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12

13  Jonathan Barker,                          | Case No.

14              Plaintiff,                     | **DECLARATION OF MICHAEL D.
                                               | WEIL IN SUPPORT OF
15  vs.                                        | DEFENDANTS' NOTICE OF
                                               | REMOVAL OF ACTION TO FEDERAL
16  COMCAST CABLE COMMUNICATIONS               | COURT PURSUANT TO 28 U.S.C.
    MANAGEMENT, LLC, a Delaware limited        | SECTION 1441(b) (Diversity)**
17  liability company and COMCAST CABLE        |
    COMMUNICATIONS, LLC, a Delaware            | Complaint Filed:   July 19, 2021
18  limited liability company; and DOES 1 through | Trial Date:       Not Set
    50, inclusive,                             |
19                                             |
              Defendants.                      |
20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

## DECLARATION OF MICHAEL D. WEIL

2     I, MICHAEL D. WEIL, certify as follows:

3     1.     I am a Partner of the law firm of Morgan, Lewis & Bockius, LLP, counsel of

4 record for Defendant Comcast Cable Communications Management, LLC and Comcast Cable

5 Communications, LLC ("Comcast" or "Defendant") in the above-captioned case. The matters

6 stated herein are based on personal knowledge, and if called as a witness, I could and would

7 testify competently thereto.

8     2.     This declaration is submitted in support of Defendant's Notice of Removal to the

9 United States District Court for the Eastern District of California under 28 U.S.C. §§ 1332, 1441,

10 and 1446.

11     3.     In executing this declaration, I do not intend, and Defendant has not authorized

12 me, to waive any protections or privileges Defendant may have as to proprietary, trade secret,

13 and/or confidential information, or to waive Defendant's attorney-client privilege as to any of its

14 communications or to waive the work product immunity developed in anticipation of or in

15 response to litigation. I intend only to describe certain factual matters that are pertinent to this

16 declaration.

17     4.     Attached hereto as **Exhibit A** to this Declaration is a true and correct copy of the

18 packet of Superior Court pleadings received by my office. The agent of process indicated that

19 these documents were served on August 19, 2021.

20     5.     On September 16, 2021, Comcast filed its answer to Solano County Superior

21 Court. Attached hereto as **Exhibit B** is a true and correct copy of Defendant's answer to the

22 Superior Court.

23     6.     Attached hereto as **Exhibit C** are all documents, copies of all process, pleadings,

24 and orders for the State Action, Comcast has received in this action.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DECLARATION OF MICHAEL D. WEIL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO
FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1441(b)

1      I declare under penalty of perjury under the laws of the United States of America that the

2  laws of the State of California that the foregoing is true and correct.

3      Executed this 17th day of September 2021.

4

5

6  _____

7  MICHAEL D. WEIL

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

DECLARATION OF MICHAEL D. WEIL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL TO
FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1441(b)

# EXHIBIT A

**CT Corporation**

**Service of Process Transmittal**
08/19/2021
CT Log Number 540105981

**TO:**    Brittany Adams, Commercial Litigation - Admin. Assistant
Comcast Corporation
1701 JOHN F KENNEDY BLVD STE C100, ONE COMCAST CENTER
PHILADELPHIA, PA 19103-2848

**RE:**    **Process Served in Pennsylvania**

**FOR:**   Comcast Cable Communications Management, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JONATHAN BARKER, Pltf. vs. COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Cover Sheet, Notice(s), Verification |
| **COURT/AGENCY:** | Solano County - Superior Court, CA
Case # FCS056828 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - NOTICE OF CASE MANAGEMENT CONFERENCE |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/19/2021 at 13:06 |
| **JURISDICTION SERVED :** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | 11/16/2021 at 09:30 a.m. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Ahmed M. Jammal, Esq.
JAMMAL LAW FIRM, APC
245 Fischer Avenue, Suite B4
Costa Mesa, CA 92626
949-333-0705 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/19/2021, Expected Purge Date: 08/24/2021

Image SOP

Email Notification,  Brittany Adams  brittany_adams@comcast.com

Email Notification,  Carol Siderio  carol_siderio@comcast.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System
600 N. 2nd Street
Suite 401
Harrisburg, PA 17101
800-448-5350
MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

CT Corporation

**Service of Process Transmittal**
08/19/2021
CT Log Number 540105981

| | |
|---|---|
| **TO:** | Brittany Adams, Commercial Litigation - Admin. Assistant |
| | Comcast Corporation |
| | 1701 JOHN F KENNEDY BLVD STE C100, ONE COMCAST CENTER |
| | PHILADELPHIA, PA 19103-2848 |

**RE:** **Process Served in Pennsylvania**

**FOR:** Comcast Cable Communications Management, LLC  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CT**

## Service Intended For:

**COMCAST CABLE COMMUNICATIONS MANAGEMENT**

 Wolters Kluwer

Case 2:21-cv-01690-KJM-CKD   Document 1-1   Filed 09/17/21   Page 1 of 1

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JONATHAN BARKER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es)* Old Solano Courthouse
580 Texas St.
Fairfield, CA 94533

CASE NUMBER:
*(Número del Caso)* FCS056828

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ahmed M. Jammal, Esq.; 245 Fischer Ave. Ste B4, Costa Mesa, CA 92626; (949) 420-9290
David J. McGlothlin, Esq.; 245 Fischer Ave. Ste D1, Costa Mesa, CA 92626; (800) 400-6808

DATE: **JUL 1 9 2021**
*(Fecha)*

Clerk, by **K. SHRONTZ** , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jonathan Barker v. Comcast Cable Communications Management, LLC, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware limited liability company; COMCAST CABLE COMMUNICATIONS, LLC, a Delaware limited liability company; and DOES 1 through 50, Inclusive,

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Ahmed M. Jammal, Esq. (SBN 317276)
ahmed@jammalesq.com
Salah O. Khatib, Esq. (SBN 330359)
sal@jammalesq.com
**JAMMAL LAW FIRM, APC**
245 Fischer Avenue, Suite B4
Costa Mesa, CA 92626
Phone: (949) 333-0705 | Fax: (949) 333-0708

David J. McGlothlin, Esq. (SBN 253265)
david@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Phone: (800) 400-6808 | Fax: (800) 520-5523

Attorneys for Plaintiff,
JONATHAN BARKER

FILED/ENDORSED
Clerk of the Superior Court

JUL 19 2021

By K. SHRONTZ
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SOLANO

JONATHAN BARKER,

                Plaintiff,

  vs.

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC, a Delaware limited
liability company; COMCAST CABLE
COMMUNICATIONS, LLC, a Delaware
limited liability company; and DOES 1
through 50, Inclusive,

                Defendants.

ASSIGNED TO
JUDGE ALESIA JONES
FOR ALL PURPOSES

Case No.: FCS096828

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

**(1) Retaliation in Violation of California Sick Leave Law** [Cal. Lab. Code §§234, 246]

**(2) Wrongful Termination in Violation of Public Policy**

**(3) Intentional Infliction of Emotional Distress;**

**DEMAND FOR JURY TRIAL**

JONATHAN BARKER, by and through his attorneys, alleges as follows:

## THE PARTIES

1.     JONATHAN BARKER is a resident of SOLANO COUNTY, CALIFORNIA.

2.     Plaintiff is, and at all times mentioned herein was, an individual employee of Defendant, who was employed by Defendant from on or about April 2017 to about July 2018.

3.     Plaintiff is informed and believes and on that basis alleges that COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC (hereinafter "DEFENDANT COMCAST CABLE COMMUNICATIONS MANAGEMENT") is a corporation organized and existing under the laws of Delaware and doing business in FAIRFIELD, County of SOLANO, CALIFORNIA. Defendant is in the business of communications.

4.     Plaintiff is informed and believes and on that basis alleges that COMCAST CABLE COMMUNICATIONS, LLC (hereinafter "DEFENDANT COMCAST CABLE COMMUNICATIONS") is a corporation organized and existing under the laws of Delaware and doing business in FAIRFIELD, County of SOLANO, CALIFORNIA. Defendant is in the business of communications.

5.     Plaintiffs do not know the true names and capacities of defendants sued in this Complaint as Doe 1 through Doe 50, inclusive, and therefore sues these defendants by fictitious names under § 474 of the California Code of Civil Procedure. Plaintiff will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 50, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein as Doe 1 through Doe 50, inclusive, is responsible in some manner for the occurrence, injury, and other damages alleged in this Complaint.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper in the California Superior Court, County of Solano because the actions and injuries giving rise to this Complaint took place in the County of Solano, State of California, and because Defendants conduct business in Solano

1 County because it has general subject matter jurisdiction and no statutory exceptions
2 to jurisdiction exist.

3     7.    This Court has personal jurisdiction over Defendants because the events
4 that injured Plaintiff occurred in Solano County, State of California.

5     8.    Venue is proper in this Court pursuant to California Code of Civil
6 Procedure §395.5 because Defendant's obligations and liabilities to Plaintiff arose in
7 Solano County.

8 **FACTUAL ALLEGATIONS**

9     9.    On or about April 10, 2017, Defendant hired Plaintiff as an Outside Sales
10 Associate.

11     10.    Plaintiff worked approximately fifty (50) hours a week, not including some
12 Saturday shifts.

13     11.    Defendants payed Plaintiff an annual salary rate of approximately $46,000
14 plus commission.

15     12.    Plaintiff was never payed overtime even though he often worked overtime.

16     13.    On or about January 2018, Plaintiff suffered a back injury for which he
17 opened a worker's compensation claim.

18     14.    On or about February 2018, Plaintiff began experiencing reoccurring pain
19 in his right thumb.

20     15.    The pain quickly escalated, and Plaintiff began experiencing tingling
21 throughout his right hand.

22     16.    On or about April 2018, Plaintiff communicated his diagnosis to his
23 immediate supervisor, Matthew Diaz, and inquired if his need to open a subsequent
24 worker's compensation claim would pose an issue for Defendant.

25     17.    Matthew Diaz informed Plaintiff that "it would be best not to report it to
26 workman's compensation just yet"

27

28

18.     On or about April 23, 2018, Plaintiff informed the managing agent that he required further medical attention to deal with the excruciating pain that he was now experiencing.

19.     On or about June 2018, Plaintiff received a formal diagnosis confirming his physical disability: carpal tunnel and repetitive motion injury in his right hand.

20.     Plaintiff received modified work duties from his attending physician to help deal with his known physical disability.

21.     However, the modified work duties did little to alleviate Plaintiff's symptoms.

22.     On or about July 19, 2018, Plaintiff filled out a reasonable accommodations request and submitted it to his point of contact at Sedgwick.

23.     Shortly thereafter, Plaintiff received a phone call from the worker's compensation adjuster that his reasonable accommodation request was being denied due to his having received modified work duties previously.

24.     The worker's compensation adjuster informed Plaintiff to follow up with Human Resources regarding his reasonable accommodation request.

25.     Plaintiff furnished Matthew Diaz with his reasonable accommodation request.

26.     Prior to leaving for vacation on July 23, 2018, Plaintiff was informed by the managing agent that "something was in the works" regarding the status of his reasonable accommodations request and that they "would talk about it upon his returning from vacation."

27.     On or about July 27, 2018, Plaintiff receiving a call from Human Resources and the managing agent that he was being terminated due to "going against the company policy."

///

///

///

**FIRST CAUSE OF ACTION**

**(RETALIATION IN VIOLATION OF CALIFORNIA SICK LEAVE LAW)**

**(Against All Defendants and DOE Defendants)**

28.     Plaintiffs incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 27 hereof, as if fully set forth herein.

29.     Labor Code § 246 requires employers to provide paid sick leave to employees who have worked in California for the same employer for 30 or more days within a year of commencement of employment.

30.     Labor Code § 246.5 provides that an employee may use sick days for the "diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member." The employer cannot require the employee to search for or find a replacement worker to cover the days during which the employee uses sick days and cannot retaliate or in any way discriminate against an employee for using accrued sick days or attempting to use accrued sick days.

31.     Labor Code § 234 provides that as long as the employee has accrued sick leave available, the employer cannot count sick leave taken as an absence that may lead to discipline such as under a company attendance policy.

32.     Plaintiff accrued sick hours and was forced to use them after suffering from a medical issue which resulted in the Plaintiff needed sick leave. As a result of taking sick leave, Defendants retaliated against Plaintiff.

33.     The facts set forth herein above establish that Defendants are guilty of malice and oppression, warranting an assessment of exemplary damages in an amount appropriate to punish said Defendants and to deter others from engaging in similar misconduct.

34.     Plaintiff's complaints, and opposition to, harassing and discriminating conduct while employed by Defendants were the proximate cause of Defendant's retaliation.

35.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain severe emotional pain and suffering, including but not limited to anguish, humiliation, anger, tension, anxiety, depression, and lowered self-esteem, according to proof at trial.

36.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages, according to proof at trial.

37.     Defendant's conduct was a substantial factor in causing Plaintiff to suffer damages, and as a result of Defendant's conduct, Plaintiff did in fact suffer damages as alleged above.

38.     Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)

### (Against All Defendants and DOE Defendants)

39.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 38 hereof, as if fully set forth herein.

40.     Defendant terminated Plaintiff's employment based on his disability and based on retaliation for taking sick leave, in violation of fundamental, substantial, and well-grounded public policies which are set forth in FEHA.

41.     The facts set forth herein above establish that Defendant is guilty of malice and oppression, warranting an assessment of exemplary damages in an amount appropriate to punish said Defendants and to deter others from engaging in similar misconduct.

42.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain severe emotional pain and suffering, including but not limited to anguish, humiliation, anger, tension, anxiety, depression, and lowered self-esteem, according to proof at trial.

43.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages, according to proof at trial.

44.     Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (Against All Defendants and DOE Defendants)

45.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 44 hereof, as if fully set forth herein.

46.     Defendant's conduct and/or actions were demeaning, extreme, and outside all bounds of decent human rights despite obvious protections found in Gov. Code § 12900 et seq.

47.     At said times above, Defendant intended or knew that such emotional distress was substantially certain to result as they purposely failed to promptly investigate and take appropriate corrective action, as Defendant allowed co-workers to harass Plaintiff. At said times, Defendant knew and/or ratified those co-worker's intentional conduct against Plaintiff.

48.     At said time, Defendant's conduct and actions, by and through the ratification of other corporate agents, were intended to cause and/or recklessly caused Plaintiff to suffer severe emotional distress.

49.     As a direct and proximate result of Defendant's action and/or inaction, Plaintiff suffered and continues to suffer from severe emotional distress.

50.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages. Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JONATHAN BARKER prays for a judgment against Defendant, as follows:

1.      For actual and compensatory damages according to proof pursuant to the Labor Code, applicable IWC Orders, Cal. Gov. Code, and all other applicable laws and regulations;

2.      For restitution and disgorgement to the extent permitted by applicable law;

3.      For an order enjoining Defendant from continuing to engage in the conduct described herein;

4.      For general damages, according to proof;

5.      For special damages, according to proof;

6.      For Statutory damages;

7.      For liquidated damages;

8.      For punitive damages in an amount to be determined by the Court according to proof;

9.      For an award of costs;

10.     For an award of reasonable attorneys' fees;

11.     For an award of pre-judgment interest at the maximum amount allowed by law;

12.     For an award of post-judgment interest at the maximum amount allowed by law;

13.     For injunctive relief;

14.     For an award or post-judgment interest for the maximum amount allowed by law; and

15.     For any and all other relief the Court deems just and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff JONATHAN BARKER hereby demands a trial by jury on all issues.

Dated: July 15, 2021

**JAMMAL LAW FIRM, APC**

By: _____

    Salah O. Khatib, Esq.
    Ahmed M. Jammal, Esq.
    Attorneys for Plaintiff,
    Jonathan Barker

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Ahmed M. Jammal, Esq. (SBN 317276); Salah O. Khatib, Esq. (SBN 330359)
Jammal Law Firm, APC; 245 Fischer Ave, Suite B4, Costa Mesa, CA 92626 ~~Case Number: 6c96dd60...Filed 09/17/21 Page 19 of 63~~
David J. McGlothlin, Esq. (SBN 253265)
Kazerouni Law Group, APC; 245 Fischer Avenue, Suite D1, Costa Mesa, CA 92626

TELEPHONE NO.: (949) 420-9290    FAX NO.:

ATTORNEY FOR (Name): Plaintiff, Jonathan Barker

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 580 Texas St.
MAILING ADDRESS: 580 Texas St.
CITY AND ZIP CODE: Fairfield, 94533
BRANCH NAME: Old Solano Courthouse

**FILED/ENDORSED**
Clerk of the Superior Court

JUL 19 2021

By _K. SHRONTZ_
DEPUTY CLERK

CASE NAME:
Jonathan Barker v. Comcast Cable Communications Management, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: FCS056828 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: ALESIA JONES DEPT: 22 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 3 causes of action including wrongful termination
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 07/15/2021

Salah O. Khatib, Esq.
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

### CIVIL DIVISION

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):   BARKER, JONATHAN

Case No.  FCS056828

**NOTICE OF CASE MANAGEMENT
CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF
JUDGE FOR ALL PURPOSES**

Defendant(s):  COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC; ET AL.,

---

PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN
CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:

   Date:  11/16/2021                Time:   9:30 a.m.

THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:

Judge Alesia F. Jones, Department 22

ALL HEARINGS WILL BE HELD AT:  580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management
Conference One and any Case Management Conference Two set by the court are as follows:

1.     Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.     Service and filing of any responsive pleadings must be within thirty (30) days after service of the
complaint. The time for filing responsive pleadings may not be extended except as authorized by law.
Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and
serving a responsive pleading within this deadline.

3.     Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment
of Judge for All Purposes ("Notice of CMC One")* on all defendants with the complaint.

4.     Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-
defendant with the cross-complaint.

5.     Any cross-complaint served after Case Management Conference One has been held shall have a *Notice
of Case Management Conference Two* served with it.

6.     At least thirty days before the date set for Case Management Conference One, all counsel and self-
represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.     A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on
all parties by each counsel by the 15th calendar day before the date set for Case Management Conference
One.

8.     At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00
on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

9.    At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.   Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.   At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.   The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
*http://www.courts.ca.gov/rules.htm*
*http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐    I personally served the person named below on (*date*):_____at

(*time*)_____.

Name: _____

☐ Party        ☐ Attorney of Record        ☐ Representative

I,_____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*

Date: _____        _____
                                                    Signature

☑    I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

SALAH KHATIB
KAZEROUNI LAW GROUP
245 FISCHER AVE STE D1
COSTA MESA, CA 92626

☐ See attached for additional service addresses

Date:  07/20/2021                    Clerk of the Court
                                                    Superior Court of California, County of Solano
                                                    **K. SHRONTZ**
                                        By: _____
                                                    Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

0900-CV  REV. 01-01-2020                                                                                      Page 2 of 2

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

GREGORY DS WADDELL
430 STRAFFORD AVENUE #2
WAYNE, PA 19087

        V.

THOMAS STROHL
199 OLD MILL ROAD
PO BOX 266
PEACH BOTTOM, PA 17563

:    COURT OF COMMON PLEAS
:    BERKS COUNTY
:
:
:
:    NO.
:
:
:
:    CIVIL ACTION - LAW

## NOTICE TO DEFEND
## NOTIFICACIÓN PARA DEFENDERSE

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyers' Referral Service of the**
**Berks County Bar Association**
**544 Court Street**
**Reading, Pennsylvania 19601**
**Telephone (610)375-4591**
**www.BerksBar.org**

### AVISO

Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.

SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCIÓN DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.

**Servicio de Recomendación para Contratar Abogados**
**del Colegio de Abogados del Condado Berks**
**544 Court Street**
**Reading, Pennsylvania 19601**
**Teléfono (610) 375-4591**
**www.BerksBar.org**

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

LAW OFFICE OF EDWARD J. SCHWABENLAND PC
By:     Edward J. Schwabenland, Esquire
Attorney ID No. 24498
366 N. Buck Road
Downingtown, PA 19335
(610) 971-9200
eschwab@schwabenlandlaw.com
Attorney for Plaintiff

| | | |
|---|---|---|
| GREGORY D. WADDELL | : | COURT OF COMMON PLEAS |
| 430 Strafford Avenue #2D | : | BERKS COUNTY |
| Wayne, PA 19087 | : | |
| v.. | : | |
| THOMAS STROHL | : | NO. |
| 199 Old Mill Road | : | |
| PO Box 266 | : | |
| Peach Bottom, PA 17563 | : | CIVIL ACTION – LAW |

## COMPLAINT

1. Plaintiff, Gregory D. Waddell, is an adult individual and citizen of the Commonwealth of Pennsylvania who at all times resided at 430 Strafford Avenue #2D, Wayne, Delaware County, Pennsylvania 19087.

2. Defendant, Thomas Strohl, is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all times applicable hereto resided at 199 Old Mill Road, PO Box 266, Peach Bottom, PA 17563.

3. The careless and/or negligent conduct giving rise to the subject litigation involves a motor vehicle incident which occurred on September 14, 2019 in the Commonwealth of Pennsylvania, Berks County at which time the defendant's vehicle rear-ended the plaintiff's vehicle in the southbound lane of SR 222.

4. Venue is proper in Berks County pursuant to Pa. Rules of Civil Procedure.

### FACTUAL BACKGROUND

5. On or about September 14, 2019 the defendant, Thomas Strohl, was the owner and operator of a 2011 Volvo XC60 (hereinafter referred to as "Volvo").

6. On or about September 14, 2019 the plaintiff was the owner and operator of a 2008 Saab.

1

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

7. On or about September 14, 2019 at approximately 2 p.m., the plaintiff was lawfully and safely operating his vehicle in the southbound lane on State Route 222 in Berks County, Pennsylvania.

8. On or about September 14, 2019 at approximately 2 p.m., the defendant was driving his vehicle southbound on SR 222 behind the plaintiff's vehicle.

9. On or about September 14, 2019 the plaintiff was operating the aforesaid motor vehicle southbound on SR 222, in Berks County, Pennsylvania and had come to a stop or had just about stopped for traffic ahead when suddenly and without warning the aforesaid vehicle owned and operated by the defendant struck the rear-end of the plaintiff's vehicle with such impact and force so as to cause the plaintiff's vehicle to collide into the vehicle ahead of him, and that vehicle in turn collided into the vehicle ahead that third vehicle.

10. On or about September 14, 2019, because of the negligent and careless actions of the defendant in failing to stop behind the plaintiff without striking the plaintiff, the defendant caused a collision with three other vehicles including the plaintiff's vehicle.

11. As a result of the collision, the plaintiff suffered serious physical and emotional injuries and other damages hereinafter more fully set forth.

12. The aforesaid motor vehicle was caused solely and exclusively by reason of the negligence and carelessness of the defendant, Thomas Strohl, and was due in no manner to any act or failure to act on the part of the plaintiff.

13. Upon information and belief, defendant, Thomas Strohl, was cited for failure to drive his vehicle at a safe speed and for careless driving.

14. At all times relevant hereto, plaintiff had and has "full-tort" status under the Pa. Motor Vehicle Code.

COUNT I – NEGLIGENCE

15. Plaintiff incorporates by reference paragraphs 1 through 14 inclusive, as fully as though said paragraphs were set forth herein at length.

16. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the defendant, Thomas Strohl, which consisted of the following:

   a. Operating the aforesaid motor vehicle on a high and excessive rate of speed under the circumstances;
   b. Failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;
   c. Operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the plaintiff, and made specifically, failing to bring his motor vehicle to a safe stop without

2

striking into the rear of the plaintiff's vehicle and causing the plaintiff's vehicle to collide into the vehicle in front of him;

d. Improperly following too closely and/or at an excessive rate of speed so as to be unable to stop his vehicle before crashing into the plaintiff's vehicle;

e. Failing to maintain a proper lookout upon the roadway;

f. Failing to regard the position of other vehicles upon the roadway, especially the plaintiff's vehicle in front of the defendant;

g. Failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the plaintiff;

h. Operating a motor vehicle with disregard for the safety of persons upon the roadway;

i. Failing to prevent his aforesaid motor vehicle from striking the rear of the plaintiff's vehicle;

j. Failing to keep said motor vehicle under adequate control and failing to safely come to a stop before striking the plaintiff's vehicle;

k. Failing to use due care under the circumstances;

l. Failing to maintain proper and reasonable lookout for other vehicles lawfully on the highway;

m. Causing and allowing said vehicle to strike and collide with the plaintiff's vehicle;

n. Failing to take proper and adequate steps to avoid the impact with the plaintiff's vehicle;

o. Failing to yield to the plaintiff's vehicle and the traffic in front of him;

p. Otherwise failing to exercise due and proper care under the circumstances; and

q. Violating the Pa. Motor Vehicle Code in failing to stop without causing any impact with the vehicles in front of him.

r. Failing to recognize that the traffic in front of his vehicle had stopped and/or slowed down and failing to stop his own vehicle accordingly before colliding into the plaintiff's vehicle.

s. Failing to be attentive to the traffic in front of him and the fact that the traffic had substantially slowed and/or came to a stop.

t. Failing to keep his eyes on the roadway and alert to the movement/stopping of the traffic.

17. As the direct and proximate result of the negligence and carelessness of the defendant as aforesaid, the plaintiff sustained serious physical and emotional injuries to his body and extremities, including but not limited to the cervical, thoracic and lumbar regions of the spine, including of pain and altered sensation, numbness and tingling to the upper and lower extremities and limitations on his range of motion to the areas of his shoulders and his hip.

18. By reason of the aforesaid negligence and carelessness of the defendant, the plaintiff has undergone and may in the future continue to suffer mental anguish, physical and functional impairment and loss of wellbeing and enjoyment of life.

19. By reason of the aforesaid negligence and carelessness of the defendant, the plaintiff has suffered serious impairment to the bodily functions.

3

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

20. By reason of the aforesaid negligence and carelessness of the defendant, the plaintiff has and may in the future suffer physical injuries, emotional and functional disturbances and distress and loss of life's pleasures and enjoyment.

21. By reason of the aforesaid negligence and carelessness of the defendant, plaintiff has incurred and may in the future incur medical expenses and bills.

22. Plaintiff in no matter contributed to his injuries which were the direct and proximate result of the defendant's negligence and carelessness.

WHEREFORE, plaintiff, Gregory D. Waddell, respectfully requests this Honorable Court to enter judgment in his favor and against the defendant, Thomas Strohl, in an amount not in excess of Fifty Thousand ($50,000) Dollars together with interest thereon.

Respectfully submitted,
/s/   *Edward J. Schwabenland*
Edward J. Schwabenland
Attorney for Plaintiff

Dated: August 18, 2021

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

4

## VERIFICATION

I, Gregory D. Waddell, hereby verify that I am the plaintiff in the foregoing matter and that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief; and, that this statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

*Gregory D Waddell*

GREGORY D. WADDELL

Dated: *August 16th 2021*

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

CT corp

COMCAST CABLE
COMMUNICATIONS
MANAGEMENT

600 N 2nd street
Suite 401

HBG, PA

# EXHIBIT B

1    MORGAN, LEWIS & BOCKIUS LLP
     Michael D. Weil, Bar No. 209056
2    michael.weil@morganlewis.com
     Michelle L. Quach, Bar No. 335098
3    michelle.quach@morganlewis.com
     1400 Page Mill Road
4    Palo Alto, CA  94304-1124
     Tel:    +1.650.843.4000
5    Fax:    +1.650.843.4001

6    Attorneys for Defendants
     COMCAST CABLE COMMUNICATIONS
7    MANAGEMENT, LLC and COMCAST CABLE
     COMMUNICATIONS, LLC
8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF SOLANO

11

12   JONATHAN BARKER,                          Case No. FCS056828

           Plaintiff,                          **DEFENDANTS' ANSWER TO**
13                                             **PLAINTIFF'S COMPLAINT**

14         vs.                                 Complaint Filed: July 19, 2021
                                               Trial Date:      None set
15   COMCAST CABLE COMMUNICATIONS
     MANAGEMENT, LLC, a Delaware limited
16   liability company and COMCAST CABLE
     COMMUNICATIONS, LLC, a Delaware
17   limited liability company; and DOES 1 through
     50, inclusive,

18         Defendants.

19

20

21

22

23

24

25

26

27

28

1  Defendants Comcast Cable Communications Management, LLC and Comcast Cable
2  Communications, LLC (collectively "Comcast" or "Defendants"), by and through its undersigned
3  counsel, submits the following answer and defenses to the Complaint filed by Plaintiff Jonathan
4  Barker ("Plaintiff").

5  **GENERAL DENIAL**

6  Pursuant to California Code of Civil Procedure Section 431.30(d), Comcast denies,
7  generally and specifically, each and every allegation in Plaintiff's Complaint.  Comcast further
8  denies that Plaintiff has been damaged in the sums alleged, or any other sum, or at all, by reason of
9  any act or omission to act on the part of Comcast, or any of its agents, servants, employees, or
10  representatives.  Comcast further denies that Plaintiff is entitled to any type of remedy, relief, or
11  damages of any kind, including the relief requested in her prayer for relief.

12  **DEFENSES**

13  Comcast has not completed its investigation of the facts of this case, has not completed
14  discovery in this matter, and has not completed its preparation for trial.  The defenses stated herein
15  are based on Comcast's knowledge, information, and belief at the present time.  Comcast
16  specifically reserves the right to modify, amend, or supplement any defense contained herein at any
17  time.  Without conceding that it bears the burden of proof or persuasion as to any one of them,
18  Comcast asserts the following defenses to the allegations set forth in the Complaint:

19  **FIRST AFFIRMATIVE DEFENSE**

20  **(Failure to State a Cause of Action)**

21  1.  As a separate and independent affirmative defense to each cause of action in
22  Plaintiff's Complaint, the Complaint does not state facts sufficient to constitute a cause of action.

23  **SECOND AFFIRMATIVE DEFENSE**

24  **(Statute of Limitations)**

25  2.  As a separate and independent affirmative defense to each cause of action in
26  Plaintiff's complaint, Plaintiff's claims are barred by the applicable statute of limitations,
27  including but not limited to Government Code section 12960 and California Code of Civil
28  Procedure sections 338, 340 and 343.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

ANSWER TO COMPLAINT

1

**THIRD AFFIRMATIVE DEFENSE**

2

**(Arbitration Agreement)**

3      3.     Plaintiff is precluded from seeking relief in court and from pursuing an individual

4 action in any forum because he agreed to arbitrate all claims under the terms of the arbitration

5 agreement.

6

**FOURTH AFFIRMATIVE DEFENSE**

7

**(Estoppel)**

8      4.     As a separate and independent affirmative defense to each cause of action in

9 Plaintiff's Complaint, the claims of Plaintiff are barred, in whole or in part, by his own conduct,

10 actions, and inactions, which amount to and constitute an estoppel of the causes of action and any

11 relief sought hereby.

12

**FIFTH AFFIRMATIVE DEFENSE**

13

**(Unclean Hands)**

14      5.     As a separate and independent affirmative defense to each cause of action in

15 Plaintiff's Complaint, the claims of Plaintiff are barred, in whole or in part, by the doctrine of

16 unclean hands and/or Plaintiff's own inequitable or wrongful conduct.

17

**SIXTH AFFIRMATIVE DEFENSE**

18

**(Failure to Mitigate)**

19      6.     As a separate and independent affirmative defense to each cause of action in

20 Plaintiff's Complaint, Comcast alleges that Plaintiff has failed to diligently mitigate his alleged

21 damages, if any.

22

**SEVENTH AFFIRMATIVE DEFENSE**

23

**(Due Process/Excessive Fines)**

24      7.     As a separate and independent affirmative defense to each cause of action in

25 Plaintiff's Complaint, Comcast alleges that Plaintiff's claims for tort damages and punitive

26 damages are barred by the Due Process Clause (Fifth Amendment, Fourteenth Amendment,

27 Section 1) and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution

28 and the corresponding provisions of the California Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

8.      As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, Comcast alleges that if any damages have been sustained by Plaintiff, although such is not admitted hereby or herein and is specifically denied, Comcast is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff owed to Comcast against any judgment that may be entered against Comcast.

**NINTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

9.      Plaintiff's Complaint, and each cause of action therein, are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**TENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

10.      As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, to the extend during the course of this litigation Comcast acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Business Justification)**

11.      As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, each cause of action therein is barred, in whole or in part, because Comcast's actions were based upon legitimate, non-discriminatory and non-retaliatory business reasons, the exercise of legitimate managerial discretion and/or a result of business necessity.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

12.      As a separate and independent affirmative defense to each cause of action in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

Plaintiff's Complaint, each cause of action therein is barred, in whole or in part, because Comcast alleges that, to the extent discrimination or retaliation was a motivating factor in the decisions affecting Plaintiff (which Comcast denies), legitimate reasons, standing alone, would have induced Comcast to make the same decisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Exceed Scope of Administrative Charge)

13.     As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, each cause of action therein is barred, in whole or in part, to the extent that Plaintiff's allegations exceed the scope of any administrative charge he may have filed.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (One Satisfaction)

14.     As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, Comcast alleges that Plaintiff cannot properly recover damages under multiple or different theories or causes of action for the same or similar alleged acts.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

15.     As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, Comcast alleges that Plaintiff's claims are barred in whole or in part because Plaintiff's actions or inactions served to excuse any performance by Comcast.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Proportional Fault)

16.     As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, Comcast alleges that any non-economic damages sustained by Plaintiff in this action were due to the fault of someone other than any named Defendant, Comcast can only be held liable for those non-economic damages proportionally caused by the fault of Comcast.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Award of Punitive Damages)

17.     Plaintiff's allegations supporting each cause of action, whether considered separately or in any combination, fail to state facts sufficient to support an award of punitive damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

18.     As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, an award of punitive damages is an unconstitutional denial of Comcast's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Conditions)

19.     As a separate and independent affirmative defense to each cause of action in Plaintiff's Complaint, to the extent that Plaintiff has suffered any emotional pain, suffering, inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which is denied, some or all of such injuries are due to personal circumstances existing in Plaintiff's life during the relevant time or to pre-existing conditions, not to any actions of Comcast.

## RESERVATION OF RIGHTS

Comcast reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Comcast prays for judgment as follows:

1.     That Plaintiff takes nothing by reason of the Complaint or any claims stated therein;

2.     That Plaintiff's Complaint and each cause of action therein be dismissed against Comcast with prejudice;

3.     That Judgment be entered in favor of Comcast and against Plaintiff on all causes

1   of action;

2       4.      That Comcast is awarded its attorneys' fees and costs of suit incurred herein; and

3       5.      That Comcast be awarded such other and further relief as it deems just and proper.

4   Dated: September 16, 2021                    MORGAN, LEWIS & BOCKIUS LLP

5

6                                        By _____

7                                            Michael D. Weil
                                             Michelle L. Quach

8
                                             Attorneys for Defendants
9                                            COMCAST CABLE
                                             COMMUNICATIONS MANAGEMENT,
10                                           LLC and COMCAST CABLE
                                             COMMUNICATIONS, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

**CT Corporation**

**Service of Process Transmittal**
08/19/2021
CT Log Number 540105981

| | |
|---|---|
| **TO:** | Brittany Adams, Commercial Litigation - Admin. Assistant<br>Comcast Corporation<br>1701 JOHN F KENNEDY BLVD STE C100, ONE COMCAST CENTER<br>PHILADELPHIA, PA 19103-2848 |
| **RE:** | **Process Served in Pennsylvania** |
| **FOR:** | Comcast Cable Communications Management, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JONATHAN BARKER, Pltf. vs. COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Cover Sheet, Notice(s), Verification |
| **COURT/AGENCY:** | Solano County - Superior Court, CA<br>Case # FCS056828 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - NOTICE OF CASE MANAGEMENT CONFERENCE |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/19/2021 at 13:06 |
| **JURISDICTION SERVED :** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | 11/16/2021 at 09:30 a.m. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Ahmed M. Jammal, Esq.<br>JAMMAL LAW FIRM, APC<br>245 Fischer Avenue, Suite B4<br>Costa Mesa, CA 92626<br>949-333-0705 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/19/2021, Expected Purge Date: 08/24/2021<br><br>Image SOP<br><br>Email Notification,  Brittany Adams  brittany_adams@comcast.com<br><br>Email Notification,  Carol Siderio  carol_siderio@comcast.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>600 N. 2nd Street<br>Suite 401<br>Harrisburg, PA 17101<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

CT Corporation

**Service of Process Transmittal**
08/19/2021
CT Log Number 540105981

**TO:**   Brittany Adams, Commercial Litigation - Admin. Assistant
Comcast Corporation
1701 JOHN F KENNEDY BLVD STE C100, ONE COMCAST CENTER
PHILADELPHIA, PA 19103-2848

**RE:**   **Process Served in Pennsylvania**

**FOR:**   Comcast Cable Communications Management, LLC  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CT**

## Service Intended For:

**COMCAST CABLE COMMUNICATIONS MANAGEMENT**

 Wolters Kluwer

Case 2:21-cv-0~~~~~~~~KD   Document 1-1   Filed 09/17/21   P~~~~~~~~~~~~

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JONATHAN BARKER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es)* Old Solano Courthouse<br>580 Texas St.<br>Fairfield, CA 94533 | **CASE NUMBER:** *(Número del Caso):*<br>FCSU56828 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ahmed M. Jammal, Esq.; 245 Fischer Ave. Ste B4, Costa Mesa, CA 92626; (949) 420-9290
David J. McGlothlin, Esq.; 245 Fischer Ave. Ste D1, Costa Mesa, CA 92626; (800) 400-6808

| DATE: *(Fecha)* | JUL 1 9 2021 | Clerk, by *(Secretario)* K. SHRONTZ | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: Jonathan Barker v. Comcast Cable Communications Management, LLC, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, a Delaware limited liability company; COMCAST CABLE COMMUNICATIONS, LLC, a Delaware limited liability company; and DOES 1 through 50, Inclusive,

Page __2__ of __2__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Ahmed M. Jammal, Esq. (SBN 317276)
   ahmed@jammalesq.com
2  Salah O. Khatib, Esq. (SBN 330359)
   sal@jammalesq.com
3  **JAMMAL LAW FIRM, APC**
4  245 Fischer Avenue, Suite B4
   Costa Mesa, CA 92626
5  Phone: (949) 333-0705 | Fax: (949) 333-0708

6
   David J. McGlothlin, Esq. (SBN 253265)
7  david@kazlg.com
   **KAZEROUNI LAW GROUP, APC**
8  245 Fischer Avenue, Suite D1
   Costa Mesa, CA 92626
9  Phone: (800) 400-6808 | Fax: (800) 520-5523
10
11 Attorneys for Plaintiff,
   JONATHAN BARKER
12

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA
14
                            COUNTY OF SOLANO
15

16 JONATHAN BARKER,                    Case No.: FCS056828

17                    Plaintiff,       **COMPLAINT FOR DAMAGES AND**
18        vs.                          **INJUNCTIVE RELIEF:**
19 COMCAST CABLE COMMUNICATIONS
20 MANAGEMENT, LLC, a Delaware limited
   liability company; COMCAST CABLE     **(1) Retaliation in Violation of California**
21 COMMUNICATIONS, LLC, a Delaware      **Sick Leave Law** [Cal. Lab. Code §§234,
22 limited liability company; and DOES 1  246]
   through 50, Inclusive,
23                                      **(2) Wrongful Termination in Violation of**
24                    Defendants.       **Public Policy**
25                                      **(3) Intentional Infliction of Emotional**
26        **ASSIGNED TO**              **Distress;**
27  **JUDGE** ALESIA JONES              **DEMAND FOR JURY TRIAL**
28  **FOR ALL PURPOSES**

FILED/ENDORSED
Clerk of the Superior Court
JUL 19 2021
By K. SHRONTZ
DEPUTY CLERK

1  JONATHAN BARKER, by and through his attorneys, alleges as follows:

2  ## THE PARTIES

3  1.     JONATHAN BARKER is a resident of SOLANO COUNTY, CALIFORNIA.

4  2.     Plaintiff is, and at all times mentioned herein was, an individual employee
5  of Defendant, who was employed by Defendant from on or about April 2017 to about
6  July 2018.

7  3.     Plaintiff is informed and believes and on that basis alleges that COMCAST
8  CABLE COMMUNICATIONS MANAGEMENT, LLC (hereinafter "DEFENDANT
9  COMCAST CABLE COMMUNICATIONS MANAGEMENT") is a corporation organized
10  and existing under the laws of Delaware and doing business in FAIRFIELD, County of
11  SOLANO, CALIFORNIA. Defendant is in the business of communications.

12  4.     Plaintiff is informed and believes and on that basis alleges that COMCAST
13  CABLE COMMUNICATIONS, LLC (hereinafter "DEFENDANT COMCAST CABLE
14  COMMUNICATIONS") is a corporation organized and existing under the laws of
15  Delaware and doing business in FAIRFIELD, County of SOLANO, CALIFORNIA.
16  Defendant is in the business of communications.

17  5.     Plaintiffs do not know the true names and capacities of defendants sued
18  in this Complaint as Doe 1 through Doe 50, inclusive, and therefore sues these
19  defendants by fictitious names under § 474 of the California Code of Civil Procedure.
20  Plaintiff will amend this Complaint to allege the true names and capacities of Doe 1
21  through Doe 50, inclusive, when ascertained. Plaintiff is informed and believes, and on
22  that basis alleges, that each of the defendants named herein as Doe 1 through Doe 50,
23  inclusive, is responsible in some manner for the occurrence, injury, and other damages
24  alleged in this Complaint.

25  ## JURISDICTION AND VENUE

26  6.     Jurisdiction is proper in the California Superior Court, County of Solano
27  because the actions and injuries giving rise to this Complaint took place in the County
28  of Solano, State of California, and because Defendants conduct business in Solano

County because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist.

7.     This Court has personal jurisdiction over Defendants because the events that injured Plaintiff occurred in Solano County, State of California.

8.     Venue is proper in this Court pursuant to California Code of Civil Procedure §395.5 because Defendant's obligations and liabilities to Plaintiff arose in Solano County.

### FACTUAL ALLEGATIONS

9.     On or about April 10, 2017, Defendant hired Plaintiff as an Outside Sales Associate.

10.     Plaintiff worked approximately fifty (50) hours a week, not including some Saturday shifts.

11.     Defendants payed Plaintiff an annual salary rate of approximately $46,000 plus commission.

12.     Plaintiff was never payed overtime even though he often worked overtime.

13.     On or about January 2018, Plaintiff suffered a back injury for which he opened a worker's compensation claim.

14.     On or about February 2018, Plaintiff began experiencing reoccurring pain in his right thumb.

15.     The pain quickly escalated, and Plaintiff began experiencing tingling throughout his right hand.

16.     On or about April 2018, Plaintiff communicated his diagnosis to his immediate supervisor, Matthew Diaz, and inquired if his need to open a subsequent worker's compensation claim would pose an issue for Defendant.

17.     Matthew Diaz informed Plaintiff that "it would be best not to report it to workman's compensation just yet"

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL - 3

18.     On or about April 23, 2018, Plaintiff informed the managing agent that he required further medical attention to deal with the excruciating pain that he was now experiencing.

19.     On or about June 2018, Plaintiff received a formal diagnosis confirming his physical disability: carpal tunnel and repetitive motion injury in his right hand.

20.     Plaintiff received modified work duties from his attending physician to help deal with his known physical disability.

21.     However, the modified work duties did little to alleviate Plaintiff's symptoms.

22.     On or about July 19, 2018, Plaintiff filled out a reasonable accommodations request and submitted it to his point of contact at Sedgwick.

23.     Shortly thereafter, Plaintiff received a phone call from the worker's compensation adjuster that his reasonable accommodation request was being denied due to his having received modified work duties previously.

24.     The worker's compensation adjuster informed Plaintiff to follow up with Human Resources regarding his reasonable accommodation request.

25.     Plaintiff furnished Matthew Diaz with his reasonable accommodation request.

26.     Prior to leaving for vacation on July 23, 2018, Plaintiff was informed by the managing agent that "something was in the works" regarding the status of his reasonable accommodations request and that they "would talk about it upon his returning from vacation."

27.     On or about July 27, 2018, Plaintiff receiving a call from Human Resources and the managing agent that he was being terminated due to "going against the company policy."

///

///

///

## FIRST CAUSE OF ACTION

### (RETALIATION IN VIOLATION OF CALIFORNIA SICK LEAVE LAW)

### (Against All Defendants and DOE Defendants)

28. Plaintiffs incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 27 hereof, as if fully set forth herein.

29. Labor Code § 246 requires employers to provide paid sick leave to employees who have worked in California for the same employer for 30 or more days within a year of commencement of employment.

30. Labor Code § 246.5 provides that an employee may use sick days for the "diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member." The employer cannot require the employee to search for or find a replacement worker to cover the days during which the employee uses sick days and cannot retaliate or in any way discriminate against an employee for using accrued sick days or attempting to use accrued sick days.

31. Labor Code § 234 provides that as long as the employee has accrued sick leave available, the employer cannot count sick leave taken as an absence that may lead to discipline such as under a company attendance policy.

32. Plaintiff accrued sick hours and was forced to use them after suffering from a medical issue which resulted in the Plaintiff needed sick leave. As a result of taking sick leave, Defendants retaliated against Plaintiff.

33. The facts set forth herein above establish that Defendants are guilty of malice and oppression, warranting an assessment of exemplary damages in an amount appropriate to punish said Defendants and to deter others from engaging in similar misconduct.

34. Plaintiff's complaints, and opposition to, harassing and discriminating conduct while employed by Defendants were the proximate cause of Defendant's retaliation.

35.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain severe emotional pain and suffering, including but not limited to anguish, humiliation, anger, tension, anxiety, depression, and lowered self-esteem, according to proof at trial.

36.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages, according to proof at trial.

37.     Defendant's conduct was a substantial factor in causing Plaintiff to suffer damages, and as a result of Defendant's conduct, Plaintiff did in fact suffer damages as alleged above.

38.     Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)

#### (Against All Defendants and DOE Defendants)

39.     Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 38 hereof, as if fully set forth herein.

40.     Defendant terminated Plaintiff's employment based on his disability and based on retaliation for taking sick leave, in violation of fundamental, substantial, and well-grounded public policies which are set forth in FEHA.

41.     The facts set forth herein above establish that Defendant is guilty of malice and oppression, warranting an assessment of exemplary damages in an amount appropriate to punish said Defendants and to deter others from engaging in similar misconduct.

42.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain severe emotional pain and suffering, including but not limited to anguish, humiliation, anger, tension, anxiety, depression, and lowered self-esteem, according to proof at trial.

43.   As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages, according to proof at trial.

44.   Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (Against All Defendants and DOE Defendants)

45.   Plaintiff incorporates by this reference each and all of the allegations contained in Paragraphs 1 through 44 hereof, as if fully set forth herein.

46.   Defendant's conduct and/or actions were demeaning, extreme, and outside all bounds of decent human rights despite obvious protections found in Gov. Code § 12900 et seq.

47.   At said times above, Defendant intended or knew that such emotional distress was substantially certain to result as they purposely failed to promptly investigate and take appropriate corrective action, as Defendant allowed co-workers to harass Plaintiff. At said times, Defendant knew and/or ratified those co-worker's intentional conduct against Plaintiff.

48.   At said time, Defendant's conduct and actions, by and through the ratification of other corporate agents, were intended to cause and/or recklessly caused Plaintiff to suffer severe emotional distress.

49.   As a direct and proximate result of Defendant's action and/or inaction, Plaintiff suffered and continues to suffer from severe emotional distress.

50.   As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other economic damages. Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JONATHAN BARKER prays for a judgment against Defendant, as follows:

1. For actual and compensatory damages according to proof pursuant to the Labor Code, applicable IWC Orders, Cal. Gov. Code, and all other applicable laws and regulations;

2. For restitution and disgorgement to the extent permitted by applicable law;

3. For an order enjoining Defendant from continuing to engage in the conduct described herein;

4. For general damages, according to proof;

5. For special damages, according to proof;

6. For Statutory damages;

7. For liquidated damages;

8. For punitive damages in an amount to be determined by the Court according to proof;

9. For an award of costs;

10. For an award of reasonable attorneys' fees;

11. For an award of pre-judgment interest at the maximum amount allowed by law;

12. For an award of post-judgment interest at the maximum amount allowed by law;

13. For injunctive relief;

14. For an award or post-judgment interest for the maximum amount allowed by law; and

15. For any and all other relief the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff JONATHAN BARKER hereby demands a trial by jury on all issues.

Dated: July 15, 2021

**JAMMAL LAW FIRM, APC**

By: _____

    Salah O. Khatib, Esq.
    Ahmed M. Jammal, Esq.
    Attorneys for Plaintiff,
    Jonathan Barker

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Ahmed M. Jammal, Esq. (SBN 317276); Salah O. Khatib, Esq. (SBN 330359)<br>Jammal Law Firm, APC; 245 Fischer Ave. Suite B4, Costa Mesa, CA 92626<br>David J. McGlothlin, Esq. (SBN 253265)<br>Kazerouni Law Group, APC; 245 Fischer Avenue, Suite D1, Costa Mesa, CA 92626<br>TELEPHONE NO.: (949) 420-9290 FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff, Jonathan Barker | **FOR COURT USE ONLY**<br><br>**FILED/ENDORSED**<br>Clerk of the Superior Court<br><br>JUL 19 2021<br><br>By K. SHRONTZ<br>DEPUTY CLERK |

Jammal Law Firm, APC, 245 Fischer Ave. Suite B4, Costa Mesa, CA 92626 Filed 09/17/21 Page 53 of 63

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Solano
STREET ADDRESS: 580 Texas St.
MAILING ADDRESS: 580 Texas St.
CITY AND ZIP CODE: Fairfield, 94533
BRANCH NAME: Old Solano Courthouse

**CASE NAME:**
Jonathan Barker v. Comcast Cable Communications Management, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** FCS056828 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: ALESIA JONES<br><br>DEPT: 22 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3 causes of action including wrongful termination
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/15/2021

Salah O. Khatib, Esq.
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

## CIVIL DIVISION

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):  BARKER, JONATHAN

Defendant(s):  COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC; ET AL.,

Case No.  FCS056828

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE
AND
NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

---

**PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:**

Date:  11/16/2021          Time:  9:30 a.m.

**THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:**

Judge Alesia F. Jones, Department 22

**ALL HEARINGS WILL BE HELD AT:**  580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

1.    Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.    Service and filing of any responsive pleadings must be within thirty (30) days after service of the complaint. The time for filing responsive pleadings may not be extended except as authorized by law. Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.

3.    Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes ("Notice of CMC One")* on all defendants with the complaint.

4.    Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-defendant with the cross-complaint.

5.    Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

6.    At least thirty days before the date set for Case Management Conference One, all counsel and self-represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.    A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

8.    At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

9.    At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.   Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.   At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.   The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
*http://www.courts.ca.gov/rules.htm*
*http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

## AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☐    I personally served the person named below on (*date*):_____ at

      (*time*)_____.

      Name: _____

            ☐ Party        ☐ Attorney of Record        ☐ Representative

      I,_____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*

      Date: _____          _____
                                          Signature

☑    I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

      SALAH KHATIB
      KAZEROUNI LAW GROUP
      245 FISCHER AVE STE D1
      COSTA MESA, CA 92626


      ☐ See attached for additional service addresses

Date: 07/20/2021                    Clerk of the Court
                                    Superior Court of California, County of Solano
                                          **K. SHRONTZ**
                                    By: _____
                                          Deputy Clerk

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

0900-CV  REV. 01-01-2020                                                                    Page 2 of 2

GREGORY B. WADDELL
430 STRAFFORD AVENUE #2
WAYNE, PA 19087

        V.

THOMAS STROHL
199 OLD MILL ROAD
PO BOX 266
PEACH BOTTOM, PA 17563

:    COURT OF COMMON PLEAS
:
:    BERKS COUNTY
:
:
:
:    NO.
:
:
:    CIVIL ACTION - LAW

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

## NOTICE TO DEFEND
## NOTIFICACIÓN PARA DEFENDERSE

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers' Referral Service of the
Berks County Bar Association
544 Court Street
Reading, Pennsylvania 19601
Telephone (610)375-4591
www.BerksBar.org

### AVISO

Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.

SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.

Servicio de Recomendación para Contratar Abogados
del Colegio de Abogados del Condado Berks
544 Court Street
Reading, Pennsylvania 19601
Teléfono (610) 375-4591
www.BerksBar.org

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

LAW OFFICE OF EDWARD J. SCHWABENLAND PC
By:    Edward J. Schwabenland, Esquire
Attorney ID No. 24498
366 N. Buck Road
Downingtown, PA 19335
(610) 971-9200
eschwab@schwabenlandlaw.com
Attorney for Plaintiff

| | | |
|---|---|---|
| GREGORY D. WADDELL | : | COURT OF COMMON PLEAS |
| 430 Strafford Avenue #2D | : | BERKS COUNTY |
| Wayne, PA 19087 | : | |
| v. | : | |
| THOMAS STROHL | : | NO. |
| 199 Old Mill Road | : | |
| PO Box 266 | : | |
| Peach Bottom, PA 17563 | : | CIVIL ACTION – LAW |

## COMPLAINT

1. Plaintiff, Gregory D. Waddell, is an adult individual and citizen of the Commonwealth of Pennsylvania who at all times resided at 430 Strafford Avenue #2D, Wayne, Delaware County, Pennsylvania 19087.

2. Defendant, Thomas Strohl, is an adult individual and a citizen of the Commonwealth of Pennsylvania who at all times applicable hereto resided at 199 Old Mill Road, PO Box 266, Peach Bottom, PA 17563.

3. The careless and/or negligent conduct giving rise to the subject litigation involves a motor vehicle incident which occurred on September 14, 2019 in the Commonwealth of Pennsylvania, Berks County at which time the defendant's vehicle rear-ended the plaintiff's vehicle in the southbound lane of SR 222.

4. Venue is proper in Berks County pursuant to Pa. Rules of Civil Procedure.

### FACTUAL BACKGROUND

5. On or about September 14, 2019 the defendant, Thomas Strohl, was the owner and operator of a 2011 Volvo XC60 (hereinafter referred to as "Volvo").

6. On or about September 14, 2019 the plaintiff was the owner and operator of a 2008 Saab.

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

7. On or about September 14, 2019 at approximately 2 p.m., the plaintiff was lawfully and safely operating his vehicle in the southbound lane on State Route 222 in Berks County, Pennsylvania.

8. On or about September 14, 2019 at approximately 2 p.m., the defendant was driving his vehicle southbound on SR 222 behind the plaintiff's vehicle.

9. On or about September 14, 2019 the plaintiff was operating the aforesaid motor vehicle southbound on SR 222, in Berks County, Pennsylvania and had come to a stop or had just about stopped for traffic ahead when suddenly and without warning the aforesaid vehicle owned and operated by the defendant struck the rear-end of the plaintiff's vehicle with such impact and force so as to cause the plaintiff's vehicle to collide into the vehicle ahead of him, and that vehicle in turn collided into the vehicle ahead that third vehicle.

10. On or about September 14, 2019, because of the negligent and careless actions of the defendant in failing to stop behind the plaintiff without striking the plaintiff, the defendant caused a collision with three other vehicles including the plaintiff's vehicle.

11. As a result of the collision, the plaintiff suffered serious physical and emotional injuries and other damages hereinafter more fully set forth.

12. The aforesaid motor vehicle was caused solely and exclusively by reason of the negligence and carelessness of the defendant, Thomas Strohl, and was due in no manner to any act or failure to act on the part of the plaintiff.

13. Upon information and belief, defendant, Thomas Strohl, was cited for failure to drive his vehicle at a safe speed and for careless driving.

14. At all times relevant hereto, plaintiff had and has "full-tort" status under the Pa. Motor Vehicle Code.

## COUNT I – NEGLIGENCE

15. Plaintiff incorporates by reference paragraphs 1 through 14 inclusive, as fully as though said paragraphs were set forth herein at length.

16. The aforesaid motor vehicle accident was caused solely by the carelessness and negligence of the defendant, Thomas Strohl, which consisted of the following:

    a. Operating the aforesaid motor vehicle on a high and excessive rate of speed under the circumstances;
    b. Failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;
    c. Operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was the plaintiff, and made specifically, failing to bring his motor vehicle to a safe stop without

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

striking into the rear of the plaintiff's vehicle and causing the plaintiff's vehicle to collide into the vehicle in front of him;

d.  Improperly following too closely and/or at an excessive rate of speed so as to be unable to stop his vehicle before crashing into the plaintiff's vehicle;

e.  Failing to maintain a proper lookout upon the roadway;

f.  Failing to regard the position of other vehicles upon the roadway, especially the plaintiff's vehicle in front of the defendant;

g.  Failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the plaintiff;

h.  Operating a motor vehicle with disregard for the safety of persons upon the roadway;

i.  Failing to prevent his aforesaid motor vehicle from striking the rear of the plaintiff's vehicle;

j.  Failing to keep said motor vehicle under adequate control and failing to safely come to a stop before striking the plaintiff's vehicle;

k.  Failing to use due care under the circumstances;

l.  Failing to maintain proper and reasonable lookout for other vehicles lawfully on the highway;

m.  Causing and allowing said vehicle to strike and collide with the plaintiff's vehicle;

n.  Failing to take proper and adequate steps to avoid the impact with the plaintiff's vehicle;

o.  Failing to yield to the plaintiff's vehicle and the traffic in front of him;

p.  Otherwise failing to exercise due and proper care under the circumstances; and

q.  Violating the Pa. Motor Vehicle Code in failing to stop without causing any impact with the vehicles in front of him.

r.  Failing to recognize that the traffic in front of his vehicle had stopped and/or slowed down and failing to stop his own vehicle accordingly before colliding into the plaintiff's vehicle.

s.  Failing to be attentive to the traffic in front of him and the fact that the traffic had substantially slowed and/or came to a stop.

t.  Failing to keep his eyes on the roadway and alert to the movement/stopping of the traffic.

17. As the direct and proximate result of the negligence and carelessness of the defendant as aforesaid, the plaintiff sustained serious physical and emotional injuries to his body and extremities, including but not limited to the cervical, thoracic and lumbar regions of the spine, including of pain and altered sensation, numbness and tingling to the upper and lower extremities and limitations on his range of motion to the areas of his shoulders and his hip.

18. By reason of the aforesaid negligence and carelessness of the defendant, the plaintiff has undergone and may in the future continue to suffer mental anguish, physical and functional impairment and loss of wellbeing and enjoyment of life.

19. By reason of the aforesaid negligence and carelessness of the defendant, the plaintiff has suffered serious impairment to the bodily functions.

3

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

20. By reason of the aforesaid negligence and carelessness of the defendant, the plaintiff has and may in the future suffer physical injuries, emotional and functional disturbances and distress and loss of life's pleasures and enjoyment.

21. By reason of the aforesaid negligence and carelessness of the defendant, plaintiff has incurred and may in the future incur medical expenses and bills.

22. Plaintiff in no matter contributed to his injuries which were the direct and proximate result of the defendant's negligence and carelessness.

WHEREFORE, plaintiff, Gregory D. Waddell, respectfully requests this Honorable Court to enter judgment in his favor and against the defendant, Thomas Strohl, in an amount not in excess of Fifty Thousand ($50,000) Dollars together with interest thereon.

Respectfully submitted,
/s/   *Edward J. Schwabenland*
Edward J. Schwabenland
Attorney for Plaintiff

Dated: August 18, 2021

4

## VERIFICATION

I, Gregory D. Waddell, hereby verify that I am the plaintiff in the foregoing matter and that the facts set forth in the Complaint are true and correct to the best of my knowledge, information and belief; and, that this statement is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_Gregory D Waddell_

GREGORY D. WADDELL

Dated: _August 16th 2021_

Received County of Berks Prothonotary's Office on 08/18/2021 1:53 PM Prothonotary Docket No. 21-12918

CT corp

COMCAST CABLE

Communications

Management

600 N 2nd Street

Suite 401

HBG, PA